### GOSS v. HENRY McCLEARY TIMBER CO.
#### No. 8388.

Circuit Court of Appeals, Ninth Circuit.

Oct. 29, 1937.

Richard J. Cook, of Seattle, Wash., for appellants.

W. H. Abel, of Montesano, Wash., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is the second appeal of the above-entitled case. Our decision in the first appeal is reported in 82 F.(2d) 476. We remanded the case to the trial judge for a specific finding on the question as to whether or not the implied license covered 15 of the 18 new kilns which had been erected by the appellee, wherein appellants' patent, methods, and apparatus were in use. The trial judge, in pursuance of the remand, found that the implied license covered all the new kilns except three. The character of the finding will be indicated by the following quotation therefrom: "The contract by its terms constituted an implied license to defendant to use plaintiffs' improved methods of kiln drying in the first kiln as revised and in said fifteen kilns as rebuilt."

In pursuance of this finding, the trial court entered an interlocutory decree in accordance with the remand. From this interlocutory decree the appellants, who were owners of the patents, have taken this appeal.

Their principal contention is that the finding of the trial court is not justified by the evidence. They claim that at most the oral agreement gave an implied license to the installation of the appellants' apparatus and methods in fifteen old kilns and not at all in the new kilns built to replace them. We refused to decide this factual question on the former appeal and remanded the case in order that the trial court might do so. We entertained no doubt then, and entertain no doubt now, that the evidence would justify a finding that the oral contract covered the construction and use in the new dry kilns of appellants' apparatus and methods.

Henry McCleary testified in part as follows: "In my talk with Mr. Goss when the arrangement was made it was clearly stated that in the event those kilns [the old ones] would not warrant any new construction of them, that we would replace them with fire proof kilns of the same size and on the same foundation."

It appears that the old kilns were modified to adopt and use appellants' improvements and methods. The appellee, however, contends that the use was not successful and required and justified the construction of the new kilns to replace them. The appellants' contention, then, narrows to the proposition that by reason of the temporary use of their methods and apparatus in the fifteen old kilns they were entitled to the compensation fixed by the contract ($2,000), and that the use of their apparatus and methods in the new kilns was unauthorized and therefore an infringement of their patents.

The evidence justified the finding of the trial court that the implied license to use

appellants' apparatus and method extended to the new kilns which were built to replace the old ones which were used temporarily pending the construction of new ones.

Affirmed.